53 So.2d 627

### LEE v. STATE.
### 6 Div. 282.

Court of Appeals of Alabama.
June 29, 1951.

Richard L. Jones, Aliceville, for appellant.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted of carnal knowledge of a girl under the age of twelve years.

The young girl, eleven years of age, testified in the trial below. She will hereinafter be referred to as the prosecutrix. Her testimony, if believed by the jury under the required rule, and the jury's verdict evidences such belief, was amply sufficient in its tendencies to sustain the verdict rendered. We see no need to set out the sordid evidence presented in the proceedings below.

This record has received our studious attention, though no brief has been filed in appellant's behalf.

After a proper predicate had been laid during the cross examination of the prosecutrix the defense offered, for impeachment purposes, an alleged transcript of the testimony given by the prosecutrix in a proceeding in Arkansas. This proceeding apparently was between the mother of the prosecutrix and her divorced husband and concerned the custody of the prosecutrix. It is certified as accurate by Muriel Langston, "Official Reporter, Pulaski Chancery Court, Second Division." Actually, in no place in the transcript is it shown in what State the proceeding was had, though defense attorneys did state upon offering the transcript that the proceedings had been in Arkansas.

No seal of any sort, so far as indicated by the record, has been placed on the transcript.

The court sustained the State's objection to the reception into evidence of this transcript.

This ruling was so patently correct in view of the improper authentication of the proffered exhibit that no detailed discussion will be undertaken. See Section 428, Title 7, Code of Alabama 1940.

In numerous other instances the court's ruling was invoked. These rulings involved no unusual problems, and were in our opinion correct. Certainly in no instance could it be seriously maintained that this appellant was probably injured in any of his substantial rights.

Defendant's requested written charge No. 3 was properly refused as being misleading, and abstract under the offense charged.

Charge 9 was refused without error, as the principle enunciated was amply covered by the court's oral charge.

Affirmed.